UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ANTHONY JONES,<br><br>Plaintiff,<br><br>v.<br><br>LEFFLER LT.,<br>ASHBA SGT.,<br>SIMMONS C.O.,<br>PARISH C.O.,<br>REED C.O.,<br>PATE C.O.,<br>WEBSTER C.O.,<br>FRANCIS C.O.,<br>STOWERS C.O.,<br><br>Defendants. | ) | No. 2:26-cv-00589-JRO-MG |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Anthony Jones is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"). He filed this civil action about the conditions of his cell and the recreation pad at Wabash Valley. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

## I. SCREENING STANDARD

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE COMPLAINT

Jones's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

Jones names nine defendants: Lieutenant Leffler, Sergeant Ashba, Correctional Officer (CO) Simmons, CO Parish, CO Reed, CO Pate, CO Webster, CO Francis, and CO Stowers. Dkt. 1 at 1. He sues them in their individual capacities. *Id.* at 7, 9.

### A. Recreation Pad

Jones alleges as follows. On March 24, 2026, he was escorted to the outdoor recreation pad, which was flooded up to his ankles with water that was contaminated with bird and human feces. *Id.* at 4–5. Jones informed CO Webster, who said that Sgt. Ashba and Lt. Leffler had also been informed about the feces. *Id.* at 5. Whenever Jones was taken to the recreation pad, he was there for at least five hours. *Id.* at 7.

Four days later, CO Simmons and CO Parish escorted Jones to the recreation pad, and Jones informed the COs that the recreation cage he was being placed in had bird and human feces "all over." *Id.* at 5. Jones was forced to touch bird feces on the cuff port, and some feces got on his hand. *Id.* Jones showed his hand to the COs, who did not take the matter seriously. *Id.* Jones asked to speak to a sergeant, but both COs denied this request, and CO Simmons said that Lt. Leffler had been informed about the feces "a hundred times already." *Id.*

On April 23, Jones told Lt. Leffler about the human and bird feces and asked if pest control knew that birds were stuck on the recreation pad. *Id.* at 7. Lt. Leffler said he would "see what he can do." *Id.*

While being escorted to the recreation pad on April 30, Jones again noticed the feces and reported it to CO Pate. *Id.* at 5–6. CO Pate said he was aware of the feces, was tired of hearing complaints about it, declined to speak to the sergeant for Jones, and said that (non-party) Sgt. Kolerick and Lt. Leffler already knew about the feces. *Id.* at 6.

In similar circumstances on May 23, Jones told CO Stowers and CO Francis about the bird and human feces. *Id.* CO Stower said there was a better chance of "dodging rain" than of a feces-free recreation pad. *Id.* CO Francis said there were sure to be dead birds on the pad as well and that "it[']s like the rec. pads never get cleaned. The dead birds are still in the same place." *Id.*

On May 25, Jones asked Sgt. Ashba if he was aware of the human and bird feces, and Sgt. Ashba said that he and Lt. Leffler saw "poop everywhere" on

May 21. *Id.* CO Webster and CO Reed had also informed Sgt. Ashba about the feces. *Id.* at 6–7.

**B. Black Mold**

Jones was placed in cell B-302 from March 13, 2026, to May 29, 2026. *Id.* at 8–9. Upon being moved to the cell, Jones immediately noticed a strange smell and discovered what he concluded to be black mold spores, which he attempted to clean. *Id.* Despite his efforts, the spores "always reappeared." *Id.*

When Jones walked to the front of his cell, he would experience a burning sensation at the back of his throat. *Id.* On a daily basis, he would have coughing episodes, spit up blood, and endure headaches; sneezing, watery eyes; sore throat; and chronic fatigue. *Id.*

Jones talked to Lt. Leffler about the mold on April 23, and Lt. Leffler said that he already knew about it. *Id.* Lt. Leffler stated that Jones did not look well (Jones also verbally confirmed this) and that he would have the nurse check on Jones. *Id.* at 9. The nurse did not come. *Id.* Lt. Leffler did not do anything about the black mold while Jones was housed in B-302.

Jones requests declaratory relief and compensatory and punitive damages.

**III. DISCUSSION OF CLAIMS**

Applying the screening standard to the factual allegations in the complaint, Jones's claims shall proceed as submitted.

"In cases involving the conditions of confinement in a prison, two elements are required to establish a violation of the Eighth Amendment's prohibition against cruel and unusual punishment: first, an objective showing that the

conditions are sufficiently serious—i.e., that they deny the inmate the minimal civilized measure of life's necessities, creating an excessive risk to the inmate's health and safety—and second, a subjective showing of a defendant's culpable state of mind." *Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017) (internal citations and quotation omitted).

Inmates have the right "not to be forced to live surrounded by their own and others' excrement." *Hardeman v. Curran*, 933 F.3d 816, 821 (7th Cir. 2019); *see also DeSpain v. Uphoff*, 264 F.3d 965, 974–75 (10th Cir. 2001) (stating that "[e]xposure to human waste, like few other conditions of confinement, evokes both the health concerns emphasized in *Farmer* [*v. Brennan*, 511 U.S. 825 (1994),] and the more general standards of dignity embodied in the Eighth Amendment") (cited favorably in *Hardeman*, 933 F.3d at 821; *Norfleet v. Stroger*, 297 F. App'x 538, 540 (7th Cir. 2008)).

The claims which shall proceed are the following: Eighth Amendment conditions of confinement claims against all defendants for the feces-infested recreation pad, an Eighth Amendment conditions of confinement claim against Lt. Leffler for the unaddressed black mold in cell B-302 that Jones remained housed in, and an Eighth Amendment deliberate indifference claim against Lt. Leffler for not getting medical assistance for Jones on April 23. All claims are for declaratory relief and monetary damages and are brought against Defendants in their individual capacities.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed.

## IV. CONCLUSION AND SERVICE OF PROCESS

The following claims are proceeding in this action: Eighth Amendment conditions of confinement claims against all defendants and an Eighth Amendment deliberate indifference claim against Lt. Leffler. All other claims have been dismissed.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Lt. Leffler, Sgt. Ashba, CO Simmons, CO Parish, CO Reed, CO Pate, CO Webster, CO Francis, and CO Stowers in the manner specified by Rule 4(d). Process shall consist of the complaint filed on August 25, 2026, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 11/23/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

ANTHONY JONES
167251
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

Electronic service to Indiana Department of Correction:
Lt. Leffler
Sgt. Ashba
CO Simmons
CO Parish
CO Reed
CO Pate
CO Webster
CO Francis
CO Stowers
(All at Wabash Valley Correctional Facility)